UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

HAMED WARDAK,

                    Applicant,

v.                                                              5:21-mc-00047 (BKS/TWD)


BRIAN CAVANAUGH,

                    Respondent.

_____

**Hon. Brenda K. Sannes, United States District Judge:**

**ORDER**

**I.      INTRODUCTION**

Hamed Wardak filed an application under Federal Rule of Civil Procedure 45(g) for an order holding Brian Cavanaugh in contempt of Court for failure to comply with a July 15, 2021 subpoena to appear by video for deposition and to produce documents in connection with a civil action pending before the Southern District of New York where Wardak is named as the defendant. (Dkt. No. 1); *Goolden v. Wardak*, No. 1:19-cv-06257 (S.D.N.Y.). On October 21, 2021, the Court issued a Text Order directing Wardak to serve the application on Cavanaugh, setting a briefing schedule, and scheduling in-person oral argument for November 29, 2021 at 12:30 p.m. (Dkt. No. 2). Cavanaugh filed a letter in response to the present application challenging Wardak's method of service of the subpoena, stating that he never "received, any subpoena in the above-referenced matter." (Dkt. No. 6, at 2). As to the present application, Cavanaugh stated that he "received a torn and damaged envelope in the mail which contained a single piece of paper which appears to be a printout of an email" of the Court's October 20, 2021

Text Order in this matter but that he has "never been served, nor [has he] ever received, any motion papers regarding a request to hold [him] in contempt." (Dkt. No. 6, at 2).[1] The Court accordingly directed Wardak to re-serve the pending application via regular mail and email. (Dkt. No. 5; *see also* Dkt. Nos. 9, 10 (certificate and affidavit of service)). Cavanaugh failed to appear for oral argument on November 29, 2021; only Wardak's attorney was present. For the reasons that follow, the Court finds Cavanaugh in contempt of the July 15, 2021 subpoena.

## II.    STANDARD OF REVIEW

Rule 45(g) provides: "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Beare v. Millington*, No. 07-cv-3391, 2010 WL 234771, at *3, 2010 U.S. Dist. LEXIS 2501, at *7 (E.D.N.Y. Jan. 13, 2010) (citing Fed. R. Civ. P. 45(e)); *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991)). "A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016). The Court has the authority to punish disobedience to its order "by fine or imprisonment, or both, at its discretion." 18 U.S.C. § 401.

---

[1] In an affidavit, Wardak's process server stated that he attempted to serve the requisite documents at Cavanaugh's residence at least three times but that "there was no answer at the door" despite there being vehicles parked at the residence on two occasions and a male present inside the residence on one occasion. (Dkt. No. 4, at 1–2). The process server affixed the documents to the front door of the residence on the third occasion; Wardak also sent the documents to Cavanaugh via first class mail. (Dkt. No. 4, at 3–4). At the hearing on November 29, 2021, Wardak's counsel stated that the address where he has repeatedly attempted to serve Cavanaugh is the address in Syracuse, New York that Cavanaugh provided on his November 16, 2021 letter to this Court. (Dkt. No. 6).

### III.   DISCUSSION

#### A.   Relevant and Material

As an initial matter, the Court notes that "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, 03-cv-1382, 2003 WL 23018833, at \*8, 2003 U.S. Dist. LEXIS 23179, at \*23 (S.D.N.Y. Dec. 23, 2003). "Relevance in this context is subject to the over-arching relevance requirement outlined in Rule 26(b)(1)," *New Falls Corp. v. Soni*, No. 16-cv-6805, 2018 WL 3321429, at \*4, 2018 U.S. Dist. LEXIS 111953, at \*10–11 (E.D.N.Y. July 5, 2018). The Rule 26 Advisory Committee Notes explain that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments.

Sarah Goolden, the plaintiff in *Goolden v. Wardak*, No. 1:19-cv-06257 (S.D.N.Y.), alleges that Wardak subjected her to assault and battery, defamation, and intentional infliction of emotional distress. According to Wardak's attorney, Cavanaugh is Goolden's father and a "key witness who possesses critical information and documents supporting Mr. Wardak's defenses and counterclaim." (Dkt. No. 1-1, at 3). Wardak has submitted an affidavit signed by Cavanaugh in which Cavanaugh describes his relationship with Wardak since June 2018, and his knowledge of Wardak's relationship with Goolden. (Dkt. No. 1-3). Cavanaugh is mentioned several times in Goolden's complaint: the complaint alleges that as a result of Wardak's conduct, Goolden's relationship with her father became strained and that Wardak threatened to murder Cavanaugh and sent him death threats. Complaint at 9–10, *Goolden v. Wardak*, No. 1:19-cv-06257 (S.D.N.Y. July 5, 2019), ECF No. 1.

The Court therefore concludes that Wardak has shown that the subpoena seeks information that is relevant and material.

**B.      Service**

Cavanaugh contends he has "never been served" with, or received, a subpoena and appears to challenge Wardak's method of serving the subpoena, arguing that Rule 45(b)(1) requires that any subpoena "be hand-delivered to the subpoenaed person." (Dkt. No. 6, at 2). Cavanaugh's contention that he never received a subpoena is unsworn and the Court therefore does not credit it. Moreover, according to the Affidavit of Service, Wardak affixed the subpoena to the front door of Cavanaugh's home and mailed a copy to Cavanaugh via first class mail, after attempting, eight times, to serve Cavanaugh personally at his home in July 2021. (Dkt. No. 1-2, ¶ 7). As Wardak attempted, but was unable to complete, service by personally handing the subpoena to Cavanaugh or delivering it to a person at his residence, affixing the subpoena to Cavanaugh's door and mailing a copy to his residence, was proper service. *See Xstrata Canada Corp. v. Advanced Recycling Tech., Inc.*, No. 08-CV-1366, 2010 WL 4609302, at *2 (N.D.N.Y. Nov. 5, 2010) (explaining that Rule 45(b)(1) "incorporates procedures authorized under the applicable state law, which, here, is that of New York," and that "New York law provides at least three alternate methods of service: (1) personally handing the subpoena to the individual; (2) delivering the subpoena to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the subpoena recipient and by mailing a copy of the subpoena to the recipient to his home . . . ; and (3) when service cannot be made pursuant to (1) or (2) above after due diligence, by affixing the process to the door [of the individual's] dwelling place or usual abode and by mailing the process to such person at his last known residence" (citing N.Y.

C.P.L.R. 308(1), (2) & (4); Fed. R. Civ. P. 4)). Accordingly, the Court concludes that service was proper.

### C.        Adequate Excuse for Noncompliance

Having examined the subpoena, the Court notes that it directs Cavanaugh to appear on August 24, 2021 at 10:00 a.m., "via videoconference link," and directs that Cavanaugh "must also bring with [him] to the deposition" the documents in the attached Schedule A. (Dkt. No. 1-3, at 7). Wardak, however, acknowledges that he "did not provide a videoconference link" to Cavanaugh. (Dkt. No. 7, at 11). The reason he did not, Wardak explains, is that "he wanted to coordinate with Mr. Cavanaugh's schedule before reserving a court reporter, remote deposition technician, and videographer." (*Id.*). Wardak asserts that the subpoena provided Cavanaugh "with the contact information for Mr. Wardak's counsel precisely for the purpose of negotiating a mutually convenient date." (*Id.* at 11–12). However, Wardak points to nothing in the subpoena or elsewhere in the record that would have alerted Cavanaugh that he was obligated to contact Wardak's counsel. Nor is there anything in the record that suggests Wardak or his attorney attempted to go forward with the deposition on August 24. Indeed, the first evidence of any attempt to reach Cavanaugh following service of the subpoena appears to be via email on September 17, 2021, nearly a month after the scheduled deposition. (Dkt. No. 7, at 12; and 1-3, at 20). Under these circumstances, with respect to the deposition component of the subpoena, the Court cannot find that Cavanaugh "fail[ed] without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). Cavanaugh, however, has not objected on this basis, and, moreover, there is no basis for finding an adequate excuse for his failure to comply with the document production requirements of the subpoena.

Here, the notice of subpoena clearly and unambiguously required Cavanaugh to produce the requested documents to Wardak's counsel, via email, by 10:00 a.m. on August 24, 2021, (Dkt. No. 1-3, at 7), Cavanaugh did not comply with the subpoena's direction to produce the requested documents, and there is no evidence that Cavanaugh made any attempt to comply: the only evidence before the Court suggests that Cavanaugh is actively avoiding Wardak's efforts to subpoena documents and his deposition. Moreover, even though it is clear that Cavanaugh had notice of the in-person hearing scheduled for November 29, 2021 on Wardak's application, (Dkt. No. 6), Cavanaugh failed to appear. The Court therefore concludes a finding of contempt is warranted.

Accordingly, the Court finds Brian Cavanaugh to be in contempt of the subpoena issued on July 15, 2021. Wardak seeks, as a sanction, that Cavanaugh be required to pay the reasonable costs and attorney's fees incurred in serving the subpoena and bringing this contempt proceeding. (Dkt. No. 1-1, at 12).[2] Counsel for Wardak states that "[t]o date" he "has incurred at least $7,249 in costs and attorney's fees in his attempts to serve and enforce the Subpoena on Mr. Cavanaugh, including in connection with this action." (Dkt. No. 1-2, ¶ 14).

"Compensatory sanctions are appropriate upon a finding of contempt." *Flannigan v. Vulcan Power Grp., LLC*, No. 09-cv-8473, 2019 WL 3242531, at *6, 2019 U.S. Dist. LEXIS 115634, at *17  (S.D.N.Y. July 3, 2019) (*citing Motown Record Co. L.P. v. Motown Beverage Co. of Ohio*, No. 96-cv-4785, 2001 WL 262587, at *1, 2001 U.S. Dist. LEXIS, at *3 (S.D.N.Y. Mar. 4, 2001). "Prior to the imposition of sanctions upon an individual charged with civil contempt, 'due process requires that the person receive notice and an opportunity to be heard.'" *Id.* at * 6, 2019 U.S. Dist. LEXIS 115634, at *17 (quoting *Sterling Nat'l Bank v. A-1 Hotels*

---

[2] Wardak has not sought any other sanction and the Court does not therefore address any other sanction.

*Intern., Inc.*, No. 00-cv-7352, 2004 WL 1418201, at \*2, 2004 U.S. Dist. LEXIS 11566, at \*7 (S.D.N.Y. June 30, 2004)). "A motion itself can constitute as a form of notice and provide a person with an opportunity to be heard." *Id.* at \*6, 2019 U.S. Dist. LEXIS 115634, at \*17. Accordingly, it is

**ORDERED** that Wardak's application [1] for an order finding Cavanaugh in contempt for failing to comply with the July 15, 2021 subpoena is **GRANTED**; and it is further

**ORDERED** that Wardak submit, by December 14, 2021, an itemization of the costs and attorney's fees incurred by Wardak as a result of Cavanaugh's noncompliance. Cavanaugh may submit a response to Wardak's request for monetary sanctions by January 4, 2022. If Cavanaugh submits a timely response, the Court will hold a telephonic hearing on the sanctions request on January 19, 2022 at 12:30 p.m. The dial-in information for this telephonic hearing is: 888-363-4734 and Access Code 8285666. It is further

**ORDERED** that given Cavanaugh's documented efforts to avoid service, the Court further directs Wardak to attempt personal service of this Order twice and to mail a copy of this Order to Cavanaugh via email and regular mail. In addition, the Clerk is respectfully requested to mail a copy of this Order to Cavanaugh at the address listed on Cavanaugh's letter. (Dkt. No. 6).

**IT IS SO ORDERED.**

Dated: December 1, 2021

Brenda K. Sannes
U.S. District Judge